# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00053-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JEREMY SCOTT POWELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of supervised release. [Doc. 31]. Counsel for the Government has advised that the Government does not oppose the Defendant's request. The Defendant's supervising probation officer has advised that the Defendant has overall done well on supervision, but takes no position on the Defendant's request due to one instance of non-compliance.

The Defendant has completed 30 months of a 36-month term of supervised release. In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In the present case, the Defendant's supervising probation officer reports that

the Defendant has done well during the period of supervision and made positive lifestyle changes. The Defendant's supervising probation officer also reports, however, that the Defendant had one issue of non-compliance during his term of supervised release.

On January 16, 2020, the Defendant was issued a criminal summons for Misdemeanor Assault with a Deadly Weapon, in Buncombe County, NC. [Doc. 29 at 1]. The criminal summons indicated that the Defendant assaulted an individual with a vehicle by driving towards the individual, hitting him, and knocking him over. [Id.]. The Defendant promptly notified his supervising probation officer and reported to the Magistrate's Office in Buncombe County to be served with the criminal summons. [Id.]. The Defendant also reported to his supervising probation officer that his girlfriend was driving the vehicle and the altercation took place due to a family disagreement over $40.00, which the Defendant's girlfriend corroborated. [Id.]. On March 12, 2020, the Court approved a modification of the Defendant's supervised release ordering the Defendant to complete sixty (60) days of curfew with location monitoring. [Id.]. The Defendant's supervising probation officer reports that the Defendant completed the 60-day curfew without any violations and the state charges were subsequently dismissed by the state court. In light of the

circumstances, the Government advises that it does not oppose the Defendant's request for early termination.

Here, the Defendant's overall compliance with the terms and conditions of supervised release is commendable and while he has had one instance of non-compliance, the circumstances indicate that the underlying basis for the non-compliance was dismissed in state court. Further, the Defendant promptly reported the incident to his supervising probation officer and adhered to the modification resulting from the then-pending incident without any violations. Therefore, the Court is satisfied that the early termination of the Defendant's supervised release is warranted by the Defendant's conduct and is in the interest of justice. See 18 U.S.C. § 3583(e)(1).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for early termination of supervised release [Doc. 31] is **GRANTED**, and the Defendant's term of supervised release is hereby terminated.

The Clerk of Court is respectfully directed to provide a copy of this Order to the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge